UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NAKERRICK MOSBY, | Court File No. 14-cv-5005 (PJS/LIB) |
| Petitioner, | |
| v. | **ORDER AND** |
| | **REPORT & RECOMMENDATION** |
| MICHELLE SMITH, | |
| Respondent. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

On December 15, 2014, Petitioner Nakerrick Mosby ("Petitioner") filed a motion for an extension of time to file a petition for a writ of habeas corpus, [Docket No. 1]. No habeas petition currently pends before the Court.[1] Petitioner represents that he attempted to file a habeas petition, but that officials at the prison where he is incarcerated lost his petition before it could be mailed to the Court, requiring Petitioner to rewrite an entirely new petition. (Id.) Petitioner represents that his deadline for filing a habeas petition has since expired (as of December 15, 2014) , *see* 28 U.S.C. § 2244(d), and Petitioner requests that the Court unilaterally and summarily extend the statute of limitations deadline to allow him to complete and file a timely habeas petition.

Petitioner essentially requests the Court deem any future petition as presumptively timely filed, despite the apparent expired statute of limitations. The Court declines to do so. The Court will

---

[1] Although Docket No. 1 is labeled a Petition for Writ of Habeas Corpus, Docket No. 1 is in fact a motion for an extension fo time to file a *future* petition and is not itself a petition for writ of habeas corpus.

not and doubts that it has the authority to unilaterally waive the time limitations set by Section 2244(d). No habeas petition pends before the Court, and likewise, the Court declines to prospectively determine whether or not any arguments to toll the statute of limitations may be applicable to any future habeas petition without any record whatsoever.

The Court **DENIES** Petitioner's motion for an order extending the statute of limitations applicable to file a habeas petition, [Docket No. 1]. That being said, nothing precludes Petitioner from filing a habeas petition at a later date, following which the timeliness and merits of which can be addressed upon a proper record.

**IT IS SO ORDERED.**

Additionally, because no habeas petition pends before the Court, and because the Court denies Petitioner's motion, [Docket No. 1], the Court recommends closing the present case without prejudice.

Dated: December 18, 2014        s/Leo I. Brisbois
                                Leo I. Brisbois
                                U.S. MAGISTRATE JUDGE

# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 2, 2015**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by January 16, 2015**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.